## NG JIN v. UNITED STATES.

## NG WUN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 20, 1915.)

### Nos. 1924, 1925.

ALIENS ⬉32—PROCEEDINGS FOR DEPORTATION OF CHINESE—SUFFICIENCY OF EVIDENCE.

Findings by a commissioner, affirmed by the District Court, that persons of the Chinese race, arrested for being unlawfully in the United States, had not established their legal right to remain by affirmative proof as required by statute, *held* sustained by the evidence.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. ⬉32.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Proceedings for deportation of Ng Jin and of Ng Wun. From orders of deportation, affirmed by the District Court, defendants appeal. Affirmed.

Robert M. Moore, of New York City, for appellants.
Charles F. Lynch, of Paterson, N. J., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In each of these cases the Chinaman was a manual laborer, and was found within the state of New Jersey without the certificate required by law. Each appellant, however, claimed to have been born in California, and in support of this averment offered oral testimony. Nearly all of it was given by other Chinese persons, and the commissioner held that the witnesses had not established the averment of birth. Accordingly he ordered the appellants to be deported, and the District Court affirmed the orders. On these appeals we have nothing before us except questions of fact.

Section 3 of Act May 5, 1892, c. 60, 27 Stat. 25 (Comp. St. 1913, § 4317), provides as follows:

"That any Chinese person or person of Chinese descent arrested under the provisions of this act or the acts hereby extended shall be adjudged to be unlawfully within the United States unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner, his lawful right to remain in the United States."

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

With this presumption against the appellants, the conclusion of the commissioner is not surprising, for the testimony that was laid before him (and is now before us) can only be described as confused and contradictory. We have considered it all with care, and are not satisfied that error has been committed.

In each case the order of deportation is affirmed.